**KAMINSKI, Plaintiff-Appellee, v. ZASADZIENSKI, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22344. Decided October 22, 1951.

McConnell & Coakwell, Cleveland, for plaintiff-appellee.
Woodle & Wachtel, Cleveland, for defendant-appellant.

(DOYLE, J, of the 9th District sitting by designation in place of HURD, J, of the 8th District).

**OPINION**

By SKEEL, PJ.

On July 10, 1951, a judgment by default was entered in the Municipal Court of Cleveland evicting one Edward Zasadzienski from the premises in which he lived. On July 12,

1951, a paper entitled "Motion for new trial" was filed in the case moving "for an order vacating the judgment heretofore rendered * * * and granting the defendant a new trial, for the reasons set forth in the affidavit attached hereto and made a part hereof by reference." On July 20, 1951, Judge Westropp, the presiding Judge in the action overruled the motion pursuant to examination of the grounds alleged in the affidavit. The appeal is from this latter order.

In brief, the affidavit stated: (1) that the defendant "failed to appear because he had. an erroneous and improper idea of the law and his duties and obligations under the circumstances"; (2) that the summons was "slipped under the door of his home" and that "he had the erroneous opinion that it was not necessary for him to give it any attention because it had not been served upon him personally"; (3) "that examination of the paper disclosed that it bore the name which appears on the caption of this case (Edward Zasodzinski) which is not the correct name of this defendant, (the correct name is Edward Zasadzienski) and for that reason also, it is his opinion that he did not need to give it attention."

It appears from the record that service of summons was properly made; that the slight mistake in the spelling of the defendant's last name was of no consequence because certainly it is obvious to everyone including the defendant that the defendant living at that address was the person intended to be sued. The affidavit continues by setting out his own negligence and ignorance of the law.

From the above observations in the record before us it will be seen that none of the statutory grounds for granting a new trial or vacating a judgment appear. Proceeding then to the exercise of the Court's discretion during term to grant a new trial or to vacate a judgment, it has never been held that a court abused its discretion in refusing to vacate a judgment when the reason for such vacation is predicated solely upon the defendant's negligence or ignorance of the law.

We find the Court's action in the respect complained of was within its power and authority and was not an abuse of discretion.

Judgment affirmed. Exceptions. Order see Journal.

DOYLE, J, THOMPSON, J, concur.